**REISSUED FOR PUBLICATION**
JUN 9 2021
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-1090V
(Not to be Published)

| | | |
|---|---|---|
| BRANDI ROSE WILSON, | * | |
| | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | Dated: April 22, 2021 |
| v. | * | |
| | * | |
| | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

*Brandi Rose Wilson,* Shawnee, KS, *pro se* Petitioner.

*Heather Lynn Pearlman,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On March 18, 2021, Brandi Rose Wilson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2]. Ms. Wilson alleged she suffered adverse symptoms, including chest pain and inflammation, as a result of receiving two doses of the Covid-19 vaccine, with the first administered on January 9, 2021. *See generally*

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10-34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petition (ECF No. 1). A status conference was held on March 31, 2021, at which time I explained to Ms. Wilson that her claim suffered from procedural deficiencies and could not proceed as filed. *See* Docket Entry, dated Mar. 31, 2021.

As discussed at the March status conference, to be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine listed on the Vaccine Injury Table (the "Table"). *See* §11(c)(1)(A). Vaccines are added to this Table only after two steps occur. First, compensation in the Program can only awarded to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3. Thus, the vaccine at issue must be designated by the Centers for Disease Control as appropriate for children or pregnant women (even if it is also administered to adults). Second, an excise tax must be enacted by Congress on each vaccine listed on the Table to provide funds for compensation for possible injury resulting from a vaccine. The date the tax is enacted is the date a vaccine becomes the basis for a claim in the Vaccine Program. *See* 26 U.S.C. § 4131(a); *see also* Omnibus Budget Reconciliation Act of 1993, Pub.L. No. 103–66, § 13632(a)(3), 107 Stat. 312 (1993).

The Covid-19 vaccine does not yet appear on the Table, and is therefore not covered by the Vaccine Program. Petitioner therefore cannot show that she "received a vaccine set forth in the Vaccine Injury Table." Section 11(c)(1)(A). As a result, the petition must be dismissed. *See, e.g.*, *Danberry v. Sec'y of Health & Hum. Servs.*, No. 20-0778V, 2020 WL 6375330 (Fed. Cl. Spec. Mstr. Sept. 28, 2020) (dismissing a claim seeking compensation for injuries incurred after receiving Pneumovax-23 and Shingrix—two vaccines that are not set forth in the Table).

I also noted to Petitioner that despite my obligation to dismiss the claim at this time, it is foreseeable that the Covid-19 vaccine will (in some form and at some time in the future) be added to the Table. If so, it is possible that Petitioner would be able to re-file her claim under the Act's "lookback" provision. Section 16(b)(2). Accordingly, Petitioner should be prepared to so act when and if addition of the vaccine occurs.

## CONCLUSION

Accordingly, and for the aforementioned reasons, the Petition is dismissed. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.